# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1922.

---

### COOK *et al. v.* DIXON.

When a fi. fa. is levied upon land and a claim is regularly made and filed with the levying officer, it is the duty of such officer to return the papers to the superior court of the county in which the land lies. If he declines to do this and refuses to postpone the sale, but proceeds with the sale, and the land is knocked off to a bidder and a deed is made, these facts, together with the additional facts that the sheriff stated to those present at the sale that a claim had been made to the land, and that he had refused to accept it, and thereupon the land was sold for much less than its value, will authorize a court of equity to enter-tain jurisdiction of an equitable suit to enjoin the sheriff from turning over the land to the purchaser, and the latter from taking possession thereof.

No. 3068. OCTOBER 10, 1922.

Injunction. Before Judge Kent. Johnson superior court. January 17, 1922.

An execution issued in favor of Nora Atwood against J. T. Dixon, and subsequently transferred to C. S. Claxton, was levied by a deputy sheriff upon a tract of land as the property of the defendant in fi. fa. The land was advertised for sale. On the date of the sale Mrs. Vertie Dixon, the daughter-in-law of J. T. Dixon, filed a claim to the land, making an affidavit in forma pauperis. The officer refused to accept the claim and to postpone the sale, but proceeded with the sale and knocked off the property to J. M. Cook, he being the highest and best bidder, at and for

373

the sum of $500. The claimant then filed her petition for injunction, reciting the levy, the filing of the claim with the sheriff before he sold the land; that the sheriff ignored the claim and sold the land, having announced to a large crowd present at the sale that the claim had been filed; and that the land was worth $3,000. Petitioner prayed that the sheriff and his deputies be enjoined from putting Cook in possession, and Cook be enjoined from entering into possession; that the sheriff be required to return the claim and execution to the superior court; and for other equitable relief. The answer of the defendants showed that the land was put up for sale and knocked off to Cook, as alleged. The sheriff admitted that the plaintiff filed with him her claim as alleged in the petition, but he alleged that the claim affidavit and pauper affidavit were not read over to the plaintiff in the presence of the attesting officer, "nor was any oath administered to the claimant, she merely signing the claim and affidavit in the presence of the attesting officer, he witnessing the same." The defendants also answered that the land sold at about the same price that adjoining lands sold for. At the hearing there was evidence tending to show that the land was sold for "about the average price" that other lands in the neighborhood sold for. The levying officer before whom the claim and the affidavit were made deposed that neither the claim nor the pauper affidavit was sworn to by the claimant, that she merely signed the same, and the officer witnessed it. The evidence as to the value of the land was conflicting; there being evidence to show that it brought a fair price, and the evidence of the defendant in fi. fa. showing that it was worth several times as much as it brought. At the conclusion of the hearing the court granted an interlocutory injunction, and ordered the sheriff to return the claim to the superior court for the determination of the issues involved. The court also included in the order the condition that the claimant should give a bond in the sum of $125 to cover the value of the rental of the land for the year 1922. The defendants excepted.

C. S. *Claxton,* for plaintiffs in error. *E. L. Stephens,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court was authorized to grant the injunction upon the terms stated in the order. While it may be a mere tres-

pass for a sheriff to turn one in possession of land out of posses-
sion, and while it is also true that ordinarily a court of equity
will not enjoin the commission of a trespass but will leave the in-
jured party to his common-law remedies, nevertheless this case
involves certain facts that make it proper for a court of equity
to take jurisdiction and enjoin the purchaser at the sale and the
sheriff until the question of title can be settled. Where an execu-
tion is levied on land, as in the present case, and a claim is filed,
though no bond is given, and the claimant makes an affidavit in
forma pauperis, it is the duty of the sheriff, under the statute,
to return the claim to the superior court of the county in which
the land lies. The claimant is not required to attach an ab-
stract of title to the claim or to show title; and no discretion is
left in the sheriff when the claim and the pauper affidavit are
regular on their face and duly sworn to by the claimant, or, in
certain instances, by his attorney or agent. The sheriff, at the
hearing, introduced evidence tending to show that the claimant
did not actually make oath to the claim and the pauper affidavit;
but in an affidavit introduced by the claimant, J. T. Dixon de-
posed that the claimant was informed by her attorney, who was
present, that she would have both to " sign and swear to the
affidavit, which she did." Upon this testimony the court was au-
thorized to find that the affidavit was sworn to. This evidence is
corroborated by the fact that the attesting clause is regularly
signed by the levying officer. The evidence as to the claimant's
making or failing to make the oath was conflicting, and the court's
finding upon that issue will not be disturbed. Moreover, the evi-
dence authorized the court to find that the land was worth several
times the amount bid by the highest and best bidder; and if this
evidence tending to support the contention of the claimant as
to the value of the land is true, then it was inferable that the
statement made at the sale in the presence of those in attendance,
that a claim had been filed but the sheriff would not accept it,
may have had a depressing influence upon the bidding, to the
loss and injury of claimant, if the sale is not set aside. Of
course, if the injunction had been refused, the claimant would not
have been remediless, if her assertion of title is well founded. She
could, though the sheriff had put her out of possession, have
brought her action at law for the recovery of the land; but she

is entitled to a trial upon the issue made by her claim interposed to the levy, if she actually made the affidavit appearing in the record, and she should be permitted to try the issue of title made by the levy and claim in accordance with the statute.

*Judgment affirmed. All the Justices concur.*